# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YOUNG CENTER FOR IMMIGRANT CHILDREN'S RIGHTS<br>2245 S. Michigan Avenue, Suite 301<br>Chicago, IL 60616, and<br><br>IMMIGRANT DEFENDERS LAW CENTER<br>634 S. Spring Street, 10th Floor<br>Los Angeles, CA 90014,<br><br>     Plaintiffs,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br>2707 Martin Luther King Jr. Avenue, SE<br>Washington, DC 20528, and<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT<br>500 12th Street, SW<br>Washington, DC 20536,<br><br>     Defendants. | Civil Action No. _____ |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1. On August 19, 2024, pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Plaintiffs requested records from the United States Department of Homeland Security (DHS) and the United States Immigration and Customs Enforcement (ICE) pertaining to the termination of ICE's Young Adult Case Management Program (YACMP). Federal law requires the government to issue a determination on a FOIA request within 20 days and then promptly produce requested documents. Despite the passage of almost six months, Plaintiffs have not received a determination or any documents. Through this lawsuit, Plaintiffs ask this

Court to compel the Defendants to comply with FOIA and promptly produce the requested documents.

I

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) (FOIA jurisdiction provision) and 28 U.S.C. § 1331 (federal question jurisdiction). The District of Columbia is a proper venue. *See* 5 U.S.C. § 552(a)(4)(B) (District of Columbia a proper venue in a FOIA case).

II

**PARTIES**

3. Plaintiff Young Center for Immigrant Children's Rights ("Young Center") is a nonprofit organization that protects and advances the rights and best interests of immigrant children and youth. It is the only organization federally appointed[1] to serve as an independent Child Advocate for child trafficking victims and other vulnerable unaccompanied immigrant children in federal government custody, as authorized by the Trafficking Victims Protection Reauthorization Act. Among the categories of children that ORR has designated as particularly vulnerable are youth who will turn 18 within less than six months of placement and for whom no sponsor has been identified. In the role of Child Advocate, Young Center advocates for children's best interests regarding children's care, custody, release, legal representation, and

---

[1] Young Center is appointed as Child Advocate by the Office of Refugee Resettlement (ORR) of the United States Department of Health and Human Services. Among other things, ORR is responsible for the care and placement of immigrant children designated as "unaccompanied" by DHS immigration officials.

repatriation. Young Center also advocates for children's best interests in immigration proceedings.

4. Plaintiff Immigrant Defenders Law Center ("ImmDef") is a nonprofit law firm that provides deportation defense, legal representation, legal education, and social services to detained and non-detained children and adults. ImmDef is the designated[2] Legal Service Provider for eighteen ORR facilities throughout Southern California. Since its founding in 2015, ImmDef's Children's Representation Project has provided free legal services to over 27,000 unaccompanied children.

5. Defendant DHS is a federal executive department with responsibility for immigration-related matters. It is headquartered in the District of Columbia. On information and belief, DHS, or one of its components, has possession or control over some or all of the requested records.

6. Defendant ICE is a component of DHS that is charged with issues related to enforcement of immigration laws. It is headquartered in the District of Columbia. On information and belief, ICE has possession of and control over some or all of the requested records.

### III

### FACTS

**A. THE YOUNG ADULT CASE MANAGEMENT PROGRAM**

7. In January 2023, ICE Enforcement and Removal Operations (ERO) established YACMP. On information and belief, YACMP subjected certain youth and families, who are

---

[2] This designation is made by Acacia Center for Justice, a non-profit organization that contracts with both ImmDef and ORR.

the subject of immigration proceedings, to monitoring during the pendency of their immigration proceedings. ICE categorized YACMP as one of its "Alternatives to Detention" (ATD) programs.

8. As part of the justification for establishing YACMP, ICE explained that youth "may not know when they are required to appear in court, understand their legal rights and obligations, and may not be aware of possible community services available to them," that they are "vulnerable to trafficking when there is no continued verification or confirmation of their safety," and that YACMP aimed to "reduce friction with the immigration process and provide and/or facilitate referrals and access to services in the community."

9. Young Center and ImmDef work with youth who were automatically enrolled in YACMP. On August 21, 2023, Plaintiffs submitted a FOIA request to DHS and ICE seeking information about YACMP's monitoring and mandatory reporting requirements, the consequences for non-compliance, and the youth and families that have been enrolled in the program.[3]

10. DHS terminated YACMP as of July 31, 2024. Plaintiffs submitted another FOIA request seeking records related to the termination of YACMP. Plaintiffs expect that the requested records will further their understanding of the impact of YACMP and other ATD programs and how DHS operates and assesses such programs.

**B.     PLAINTIFFS' FOIA REQUEST AND EMAILS FROM DEFENDANTS**

11. On August 19, 2024, Plaintiffs submitted to DHS and ICE, through the Secure Release Portal pursuant to 5 U.S.C. § 552(a)(3), the FOIA request at issue. Plaintiffs requested

---

[3] Neither DHS nor ICE timely responded to that August 21, 2023, FOIA request. That request is the subject of a separate lawsuit, filed by Plaintiffs on July 17, 2024: *Young Center for Immigrant Children's Rights v. Department of Homeland Security*, No. 1:24-cv-02100-RC (D.D.C. 2024).

4

"all public records pertaining to the decision to terminate YACMP and to the implementation of that decision." Plaintiffs also requested a FOIA fee waiver pursuant to 5 U.S.C. § 552(a)(4)(A)(iii) and 6 C.F.R. § 5.11(k).

12. On August 23, 2024, DHS confirmed receipt of the FOIA request, assigned it tracking number 2024-HQFO-02702, and referred it to ICE.

13. On September 5, 2024, ICE twice confirmed receipt of the request (assigning one tracking number 2024-ICFO-52225 and the other tracking number 2024-ICFO-54891). Both emails that confirmed receipt stated:

> Although ICE's goal is to respond within 20 business days of receipt of your request, the FOIA does permit a 10-day extension of this time period. As your request seeks numerous documents that will necessitate a thorough and wide-ranging search, ICE will invoke a 10-day extension for your request, as allowed by Title 5 U.S.C. §552(a)(6)(B).

14. On September 12, 2024, ICE closed the case numbered 2024-ICFO-54891, describing it as duplicative.

C. **DEFENDANTS HAVE FAILED TO ISSUE A TIMELY DETERMINATION AND PRODUCE THE REQUESTED DOCUMENTS**

15. FOIA requires agencies to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of [a FOIA] request whether to comply with such [a] request[,] ... immediately notify the person making such request of such determination and the reasons therefor[,]" and provide information regarding the right to seek assistance from the FOIA Public Liaison and the right to appeal an adverse decision. 5 U.S.C. § 552(a)(6)(A)(i); *see also* 6 C.F.R. § 5.5 (regarding timing of responses to requests to DHS). After a determination is made, the agency must "make the records promptly available." 5 U.S.C. § 552(a)(3)(A).

16. An agency is permitted a ten-day extension if statutorily defined "unusual circumstances" apply and written notice is made to the requestor setting forth those unusual circumstances. 5 U.S.C. § 552(a)(6)(B); *see also* 6 C.F.R. § 5.5(c) (DHS regulation regarding application of the unusual circumstances exception).

17. A DHS FOIA Office in receipt of a FOIA request may refer the responsibility to respond to that FOIA request to another component of DHS if the receiving component is not in possession of the requested records or the other component is best able to determine whether to disclose the relevant records. 6 C.F.R. §§ 5.4(c), (d)(3).

18. As described above, on September 5, 2024, ICE informed Plaintiffs that it was invoking a ten-day extension pursuant to 5 U.S.C. § 552(a)(6)(B). It did not notify Plaintiffs of "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B)(i); *see also* 6 C.F.R. § 5.5(c) (government shall "notify the requester in writing of the unusual circumstances involved and of the date by which processing of the request can be expected to be completed").

19. As of the filing of this Complaint, almost six months have passed without a determination or receipt of any documents.

20. Plaintiffs have exhausted their administrative remedies. *See* 5 U.S.C. 552(a)(6)(C)(i) ("Any person making a [FOIA] request to any agency for records ... shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of [FOIA].").

IV

## CLAIM FOR FAILURE TO PRODUCE DOCUMENTS
## IN VIOLATION OF FOIA AND ITS IMPLEMENTING REGULATIONS

21. FOIA and its implementing regulations require Defendants to issue their determinations on Plaintiffs' requests and produce the documents pursuant to the timelines described above. *See* 5 U.S.C. § 552(a)(6)(A)(i), (a)(3)(A); 6 C.F.R. § 5.4-5.6. Defendants have violated FOIA and its implementing regulations by failing to issue a determination and produce the requested documents pursuant to that timeline or to date.

V

## REMEDY

Plaintiffs hereby request that the Court:

(1) Declare that Defendants' failure to issue a timely determination and produce the records requested by Plaintiffs is unlawful;

(2) Order Defendants to issue a prompt determination and produce their records to Plaintiffs;

(3) Award Plaintiffs' reasonable attorneys' fees and other litigation costs reasonably incurred in this action, as provided in 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief the Court may deem just and proper.

Respectfully submitted,

| | |
|---|---|
| /s/ *Jane M. Liu* | /s/ *Todd A. Gluckman* |
| JANE LIU, DC Bar 989847 | TODD A. GLUCKMAN, DC Bar 1004129 |
| YOUNG CENTER FOR IMMIGRANT CHILDREN'S RIGHTS | JACLYN A. DEITCH, DC Bar 90025322 |
| | Terris, Pravlik & Millian, LLP |
| P.O. Box 2417 | 1816 12th Street, N.W., Suite 303 |
| Chicago, IL 60690 | Washington, DC 20009 |
| (202) 527-1372 | (202) 682-2100 |
| jliu@theyoungcenter.org | tgluckman@tpmlaw.com |
| | jdeitch@tpmlaw.com |
| February 10, 2025 | *Counsel for Plaintiffs* |

8